WILLIAM H. HERKENHAM and Another, Copartners Doing Business under the Firm Name and Style of GLOBE PATTERN WORKS, Respondents, v. ERNEST R. HOENZSCH and Another, Appellants, Impleaded with OTTO NIELS HANSEN, Defendant.

Third Department, January 7, 1925.

Contracts — building contract — action by contractor to recover on quantum meruit — contract provided for payments at rate of $250 per week and stipulated date of completion — request by owner to stop work on particular part of job not dismissal of contractor — work was not finished on stipulated date but contractor was permitted to go on — contractor cannot recover on quantum meruit — payments were made as agreed — failure to pay for extra work not breach by owner.

A building contractor cannot recover on *quantum meruit* for work and labor performed and materials furnished in the alteration of a dwelling house where it appears that the contract provided for the payment of $250 per week and that the work should be completed on a stated date; that the contractor quit the job after he had been told by the owner to suspend work on a particular part; that the contractor claimed that there was due him a certain amount for extra work; and that the weekly payments were made as agreed.

The direction by the owner to suspend work on a particular part of the job was not a dismissal of the contractor as to the entire job and, therefore, the owner did not breach the contract in that manner.

The failure of the contractor to complete the job on the stipulated date was a breach of the contract but that breach and the owner's acquiescence therein by permitting the contractor to continue with the work, does not permit the contractor to recover otherwise than as provided·in the contract.

The amount claimed by the contractor for extra work did not come within the price stipulated in the contract and, therefore, the owner fully complied with the contract by making the weekly payments as agreed.

APPEAL by the defendants, Ernest R. Hoenzsch and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Albany on the 17th day of July, 1924, upon the decision of the court rendered after a trial at the Albany Trial Term before the court without a jury.

*Harry Cook*, for the appellants.

*John J. McManus*, for the respondents.

H. T. KELLOGG, J.:

The plaintiffs and the defendants Hoenzsch, on February 16, 1923, entered into a written contract whereby the plaintiffs, for the sum of $4,300, agreed to make alterations in a certain dwelling house belonging to the defendants.   Payments were to be made as follows: " $250 each week Bal when job is complete or $500.00 the first and 15 of each month."   The contract also stated: " Job to be done June 1, 1923."   The plaintiffs entered upon the performance of the contract and continued to work upon the alterations until July 20, 1923, when they left the job with men and tools.   They had been paid upon the contract the sum of $3,592.   The defendants employed other contractors to complete the work.   They performed the contract work, as slightly modified, for the sum of $2,041.63.   The plaintiffs thereupon brought this action upon a *quantum meruit* to recover the value of the services performed and materials furnished less payments made.   They have had a recovery of $1,158.94.

The plaintiffs contend that they were entitled to recover, as decreed, the reasonable value of the labor and materials furnished, independently of the contract price, for the reason that the defendants broke the contract (1) by refusing to permit the plaintiffs to perform it, and (2) by refusing to make the payments stipulated for therein.

On July 20, 1923, the plaintiffs, with their men, were engaged in constructing for the defendants an outdoor staircase, which, although its location had been changed, was covered by the contract specifications.   The staircase, as being erected, would have partly closed a window opening, and the defendants objected to its location.   According to the testimony of one of the plaintiffs, the following occurred: " Mr. Hoenzsch said: ' Don't do any more with that until you hear from me.'   I said: ' All right.'   I was

walking out the alley. I says: ' I would like to get some money.'
He says: ' You can't get it.' I says: ' Allright.' So I walked
out  *  *  *." As a result of the conversation the plaintiffs left
the job never to return. It is entirely clear that the defendants
asked the plaintiffs to suspend work, not upon the contract generally,
but upon the outside staircase then being constructed. The testi-
mony quoted so indicates. The testimony given by the defendants,
undisputed by the plaintiffs, so establishes. The court evidently
so construed the proof, for it found, not that the plaintiffs left the
job because dismissed by the defendants, but " because defendants
refused to pay them any further installments until the work was
completed." It conclusively appears that the defendants did not
break the contract by refusing to permit the plaintiffs to proceed
with the work. ·

As already noted, the contract provided that $250 was to be
paid each week and " Bal when job is complete." It also provided
" Job to be done June 1, 1923." It is not to be supposed that
when this contract was made either party then intended to break
it. The parties contemplated that the work was to be finished
on June first, and phrased the terms of their contract accordingly.
Work under the contract was begun on February twenty-second.
Fourteen weeks would elapse between that date and June first.
Accordingly, . during that period $3,500 would become payable,
and the balance of the contract price, $800, would become due on
June first if the plaintiffs did as they agreed and the job was then
completed. The plaintiffs failed to complete on June first as
agreed. It is true that the defendants, by permitting the plaintiffs
to remain upon the job, forfeited the right to terminate the contract.
Their conduct did not alter the fact that the plaintiffs had been
guilty of a breach of contract which rendered them liable for the
damages resulting. Certainly, neither the plaintiffs' breach nor
the defendants' acquiescence therein, could avail the plaintiffs to
make the defendants pay otherwise than as provided in the con-
tract, viz., the balance remaining after the fourteen installments
of weekly payments, upon completion of the contract. On July
twentieth the defendants had paid the plaintiffs $3,592, or $92
in excess of the installments due on or before June first. The
defendants were, therefore, not required to make further payments
when the plaintiffs abandoned the job. The argument that the
defendants owed the plaintiffs $400 or over for extra work per-
formed and that, therefore, the sum due on June first had not
been fully paid, is not tenable. All payments made were weekly
payments upon the written contract. That contract had been
fully complied with by the defendants. The failure of the defend-

ants to pay a debt, arising outside the contract, could have no effect to alter terms contained within the contract.

The judgment should be reversed, with costs and a new trial granted. The court disapproves of findings six, nine and eleven, and of so much of finding seven as fixes the value of the labor and material furnished.

All concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event. The court disapproves of findings of fact numbers six, nine, eleven, and so much of finding number seven as fixes the value of labor and material furnished.